1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOHNNY BAKER,                              No.  1:18-cv-01642-SKO (HC)

12                   Petitioner,                 ORDER DENYING PETITIONER'S MOTION
                                                 FOR RECONSIDERATION
13          v.
                                                 [Doc. 20]
14    S. LAKE, Warden,

15                   Respondent.

16

17          Petitioner is a federal prisoner proceeding *in propria persona* with a petition for writ of

18    habeas corpus pursuant to 28 U.S.C. § 2241.  The Court issued an order denying the petition on

19    April 2, 2019.  On April 19, 2019, Petitioner filed the instant motion for reconsideration. (Doc.

20    20.)  Petitioner contends the Court erred in concluding that some evidence supported the guilty

21    finding.

22                                          **DISCUSSION**

23          Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

24    district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment

25    on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

26    evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has

27    been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."

28    Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any

                                                   1

event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner contends that the Court erred in its consideration of the evidence supporting the guilty finding. Petitioner states that the Court relied on the fact that the first test conducted, NIK Test A, was positive for an illegal substance; however, he contends the test did not show positive for any drugs. He states the testing liquid was orange and remained orange, and that this did not indicate the presence of any drugs. As the Court previously stated in the order denying the petition, the Court is not tasked with reweighing the evidence presented to the hearing officer. Rather, the Court must determine whether "some evidence" supported the decision. As previously discussed, the hearing officer relied on evidence photos, the NIK test certification list of the two tests conducted, the testing officer's supporting memorandum, and slides. The hearing officer noted that the color photos confirmed that NIK test kit A turned orange, which according to the technician indicated the presence of amphetamines, and NIK test kit B turned yellow then light green, which according to the technician indicated the presence of heroin. Petitioner disputes the technician's finding that the color orange indicated the presence of drugs, but Petitioner does not submit anything in support of his contention that the technician erred in so concluding. Moreover, Petitioner fails to refute that the second NIK test also indicated the presence of drugs. Thus, there was at least some evidence supporting the hearing officer's decision.

Petitioner has not presented any new evidence or any other reason justifying relief from judgment. Moreover, pursuant to the Court's Local Rules, Petitioner has not shown "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

**ORDER**

Based on the foregoing, Petitioner's motion for reconsideration (Doc. 20) is DENIED.

IT IS SO ORDERED.

Dated:    **May 14, 2019**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE